1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH M. JACKSON, | ) | Civil No. 11cv2085 JAH(NLS) |
| Plaintiff, | ) ) | **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS* AND MOTION FOR APPOINTMENT OF COUNSEL AS MOOT** |
| v. | ) ) | |
| SAN DIEGO, CALIFORNIA SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff, a non-prisoner appearing *pro se*, has filed a complaint along with a request to proceed *in forma pauperis* and a motion for appointment of counsel. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See* Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.

1 § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27
2 (9th Cir. 2000) (en banc). 28 U.S.C. § 1915(e)(2) mandates that the Court reviewing a
3 complaint filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule
4 on its own motion to dismiss before directing that the complaint be served by the U.S.
5 Marshal pursuant to Fed. R. Civ. P. 4(c)(2). Lopez, 203 F.3d at 1127.

6      As currently plead, it is clear that plaintiff's complaint fails to state a claim upon
7 which relief can be granted. Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency
8 of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is
9 warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory.
10 Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *see* Neitzke
11 v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a
12 claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be
13 dismissed where it presents a cognizable legal theory yet fails to plead essential facts under
14 that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual
15 allegations," he must plead sufficient facts that, if true, "raise a right to relief above the
16 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

17      To meet the requirements of Rule 12(b)(6), "a complaint must contain sufficient
18 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
19 Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547).
20 A claim is facially plausible when the factual allegations permit "the court to draw the
21 reasonable inference that the defendant is liable for the misconduct alleged." Id. In other
22 words, "the non-conclusory 'factual content,' and reasonable inferences from that content,
23 must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret
24 Service, 572 F.3d 962, 969 (9th Cir. 2009).

25      Plaintiff's complaint consists of a single paragraph containing unintelligible
26 allegations that defendant Social Security "lied for years" concerning an "overpayment."
27 Compl. at 1. This Court finds that there are no allegations in plaintiff's complaint that
28 can reasonably be construed as presenting a cognizable claim for relief. Therefore, the

1 complaint must be *sua sponte* dismissed pursuant to Section 1915(e)(2)(B) for failure to
2 state a claim upon which relief may be granted. Because the complaint must be dismissed,
3 plaintiff's request to proceed *in forma pauperis* and motion for appointment of counsel are
4 moot.

5       Accordingly, IT IS HEREBY ORDERED that:

6    1.    The instant complaint is *sua sponte* **DISMISSED** without prejudice for
7        failure to state a claim upon which relief may be granted; and
8    2.    Plaintiff's request to proceed *in forma pauperis* and motion for appointment
9        of counsel are **DENIED** as moot.

11 DATED:    September 26, 2011

                 JOHN A. HOUSTON
                 United States District Judge